SAVOY, Judge.
Plaintiff filed this suit against defendant as general contractor for a money judgment for dirt, labor, trucks, tractors and motor patrols furnished by plaintiff in connection with the construction of a hospital in the City of Natchitoches, Louisiana.
Defendant filed a plea of vagueness, setting out numerous reasons why the petition filed by plaintiff was vague. One of the complaints made by defendant was that the plaintiff failed to allege whether the contract was verbal or in writing. The trial judge maintained the plea of vagueness in that the plaintiff had not alleged whether the contract was written or verbal, and overruled all the other grounds alleged in defendant’s answer.
Plaintiff amended his petition to show that the contract was a verbal one.
Defendant then filed an answer stating that the charges made by plaintiff were excessive and that he had been overcharged for the alleged dirt delivered and for use of trucks and tractors. Assuming the position of plaintiff-in-reconvention, defendant asked that he recover a money judgment against plaintiff because of the excessive charges made by plaintiff.
The lower court rendered judgment for plaintiff in the sum of $1,788.46, and non-suited the remainder of plaintiff’s claim in the sum of $779. From this judgment the defendant has appealed. Plaintiff answered the appeal asking for the full amount prayed for in his suit.
Plaintiff commenced removing debris from the premises on April 21, 1957. He also commenced delivering sand to the premises on the same date, and hauled dirt and packed same from that time until in 1958 without complaint from the defendant. Plaintiff testified that he was on the job at all times and filed in evidence a complete *849 statement of his operations. It was not until plaintiff had given defendant the final bill for the work performed on the job that defendant contended that the amount was excessive.
From time to time defendant had paid plaintiff a substantial amount on the account, amounting to approximately $4,000, and had never questioned the correctness of same.
The evidence disclosed that the amount per yard of dirt and the charges made by plaintiff for the tractor and other equipment were the charges customarily made by other parties in the same occupation in that general area.
Defendant admitted that he did not check each and every item of work and materials furnished by plaintiff on the job for the reason that he had had previous business with plaintiff and trusted him. He testified that the plaintiff could not have possibly delivered as much dirt as defendant was charged for, nor could he have used his equipment for the number of hours sued for. He based this on an estimate made by the engineers he employed to make the calculation when he bid on the hospital job. The trial judge found that plaintiff had kept day by day records of the work performed and the dirt hauled on said job, whereas, defendant had not availed himself of this opportunity.
Defendant also complained about an item paid by defendant to Boston Fowler for Sam Grappe’s account amounting to $201.-25. The evidence reflects that Sam Grappe did not have the specific equipment for a particular portion of the job and that he had to employ the services of Boston Fowler to do said work. Defendant complained to plaintiff that he thought the amount of this work was excessive, but the record shows that he paid the amount to Boston Fowler and warned plaintiff about employing outside help in the future. We are convinced from a reading of the record that defendant acquiesced in this item and cannot recover this amount from plaintiff as he attempted to do in the re-conventional demand.
The trial judge believed plaintiff, and since this is a factual question, we will not disturb his ruling for we find no manifest error in his decision.
Plaintiff sued for a money judgment in the sum of $2,567.46. As stated before, judgment was rendered in favor of plaintiff for the sum of $1,788.46. The district judge entered a non-suit for the balance sued on, namely $779, for the reason that there was some testimony by defendant that plaintiff was behind in his dirt work and he had removed some dirt from one part of the site to the other and that defendant had been charged for transferring said dirt.
We agree with the trial judge that the evidence on this point is indefinite and that the ends of justice would be served by non-suiting this portion of the amount sued on.
For the reasons assigned, the judgment of the district court is affirmed at defendant’s costs.
Affirmed.